UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE ESTEE LAUDER COMPANIES 401(k)
SAVINGS PLAN,

                Plaintiff,

- against -

COURTNEY E. JOHNSTON,
TIMM FREEMAN (aka CHARLES FREEMAN)
and GEAR VAUGHAN JOHNSTON-FREEMAN,

                Defendants.

**COMPLAINT FOR INTERPLEADER**

Plaintiff THE ESTEE LAUDER COMPANIES 401(k) SAVINGS PLAN ("the Plan"), for its Complaint seeking interpleader, alleges as follows:

### NATURE OF ACTION

1. The Plan seeks to protect itself from potential liability arising out of competing claims over the retirement savings account of a participant, Tiffany T. Johnston ("Tiffany") who died in March 2022. The Plan is a disinterested holder of assets; it seeks the Court's assistance in assuring that the party with the rightful claim to the monies obtains those funds.

### PARTIES, JURISDICTION AND VENUE

2. The Plan is an employee benefit plan, as that term is defined in Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a juridical entity with the capacity to sue and be sued. The Plan provides employees of the plan sponsor, Estée Lauder Inc., and its affiliates and subsidiaries, with a vehicle to accumulate retirement savings. The Plan is administered in New York.

3. Upon information and belief, Defendant COURTNEY E. JOHNSTON ("Courtney") resides in Roseville, California. She is Tiffany's sister. Courtney has asserted a right to receive the funds in Tiffany's account under the Plan and therefore must be considered a potential beneficiary.

4. Upon information and belief, Defendant TIMM FREEMAN (aka CHARLES FREEMAN) ("Timm") resides in Santa Monica, California. He is the ex-spouse of Tiffany and is a potential beneficiary of the proceeds of her account under the Plan.

5. Upon information and belief, Defendant GEAR VAUGHN JOHNSTON-FREEMAN ("Gear") resides in Daly City, California. Gear is Tiffany's son from her marriage to Timm, and, upon information and belief, a potential beneficiary of the proceeds of her account under the Plan.

6. Jurisdiction is proper in this Court because a federal question is raised in deciding the disposition of the funds at issue, which are held in an ERISA-governed benefit plan.

7. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) or, in the alternative, 28 U.S.C. § 1391(a).

**FACTS ENTITLING THE PLAN TO INTERPLEAD DISPUTED FUNDS**

8. Tiffany participated in the Plan while employed by the Plan's sponsor or an affiliate. She had not claimed the funds held in her account in the Plan at the time of her death.

9. Upon information and belief, Tiffany married Timm in 1995 and divorced him in 2010. Tiffany was not married at the time of her death.

10. Tiffany designated Timm as her beneficiary during their marriage. She did not take any steps to supersede or abrogate that designation between the time of her divorce and February 2022.

11. In the month before Tiffany's death, however, she initiated the process, through the Plan's website, to change her beneficiary from Timm to Courtney. To accomplish this change Tiffany had to complete an authorization form (which the Plan's recordkeeper mailed to her) and return it to the recordkeeper by March 31, 2022. The form was not returned by that deadline; on April 1, 2022, the recordkeeper issued a "Notice of Beneficiary Status" stating that the online beneficiary designation of Courtney could not be considered valid because a signed and dated authorization form had not been returned.

12. Starting in or about April 2022 Courtney, through counsel, objected to any payment of Tiffany's account proceeds to Timm and made a demand upon the Plan to pay the proceeds in Tiffany's account to her. She presented the Plan with documents suggesting that Timm disclaimed any interest in Tiffany's account as part of their divorce settlement. She asserted that Tiffany's incomplete efforts to change the beneficiary should be recognized.

13. Upon information and belief, no probate proceedings for Tiffany's estate have been commenced and Tiffany died intestate. Accordingly, Tiffany's son, Gear, may possess a claim to the proceeds of the funds of her account, if the prior designation of Timm is not enforceable and the attempt to change the beneficiary to Courtney is not recognized as effective.

14. Courtney, Timm and Gear thus have adverse claims concerning the funds in Tiffany's Account.  The Plan cannot pay out the proceeds of Tiffany's account in the Plan without exposing itself to conflicting claims and legal actions.

   a. The Plan reasonably believes and fears that if it does not pay the proceeds from Tiffany's account in the Plan to Courtney, she may and will commence litigation against it.

   b. The Plan reasonably believes and fears that if it does not pay the proceeds from Tiffany's account in the Plan to Timm, he may and will commence litigation against them.

   c. Alternatively, the Plan fears that Gear may assert claims against it, multiplying the risks to which the Plan is exposed.

15. The Plan claims no right to the funds in Tiffany's account.  It seeks only to have the funds paid to the proper party without incurring unnecessary risk and the expense of litigation.  The Plan has no means other than this action of protecting itself against the threat of multiple liability from Defendants' competing claims.

16. This Court is better situated than the Plan to fully and finally adjudicate the rights of the parties involved.

17. The Plan is ready and willing to deposit the funds in Tiffany's account with the Court, or any person designated by the Court to receive it, and desires to deposit those monies with the Court, or the Court's designee, pursuant to Rule 22 of the Federal Rules of Civil Procedure.

THEREFORE, the Plan requests that:

A. The Court enter an Order requiring Defendants to join together and to settle between themselves their rights and claims to the monies at issue.

B. The Plan be allowed to deposit the full amount in controversy with the Court, be discharged from all further liabilities in connection with those monies, and be dismissed from this litigation.

C. The Plan be allowed to recover its attorneys' fees and the costs of bringing this action.

Dated: January 17, 2023					EPSTEIN BECKER & GREEN, P.C.

/s/ John Houston Pope
John Houston Pope
875 Third Avenue
New York, NY 10022
Tel: 212.351.4500
JHPope@ebglaw.com

Attorneys for Plaintiff
  The Estee Lauder Companies 401(k)
  Savings Plan